UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Meihua Yan,<br><br>      Plaintiff,<br><br>      v.<br><br>The Individuals, Partnerships and Unincorporated Associations Identified on Schedule "A,"<br><br>      Defendants. | Case No. 1:24-cv-05403<br><br>Honorable Sara L. Ellis |

## EMERGENCY MOTION TO VACATE TEMPORARY RESTRAINING ORDER AS TO DEFENDANT FORIOUS

Defendant FORIOUS (Def. Nos. 1, 2 and 24) moves to vacate the temporary restraining order (TRO) (Dkt No. 10) against it. When Defendant FORIOUS learned that it had been named as a defendant in this action, it retained counsel who filed an appearance in this case and intended to appear at the presentment for the Plaintiff Meihua Yan's ("Yan") TRO motion, which had been scheduled for Wednesday, July 3, 2024, at 9:45 am. At the hearing, FORIOUS intended to present its objections and explain why it should not be subject to a TRO. FORIOUS has strong defenses to the underlying patent infringement claim as well as arguments rebutting Yan's alleged irreparable harm.

FORIOUS has both non-infringement defenses and invalidity defenses, which include evidence that the design claimed in Yan's patent was already being sold in the market more than two years before Yan's patent filing date.

Also, Yan cannot reasonably contend that it is suffering irreparable harm here. Yan's patent issued nearly a year and a half ago, and FORIOUS has been selling the accused products on

Amazon for over a year.  This is not an emergency situation that justifies the exceptional relief of a TRO.

In addition, there is no concern that FORIOUS will simply default and evade judgment.  In fact, FORIOUS currently is prosecuting a declaratory judgment action against a competitor in an action in this Court (*WenzhouFuruisi Jiancaiyouxiangongsi ("Forious") v. Ruoying Xing*, Case No. 1:24-cv-01136, N.D. Ill.).

FORIOUS recognizes that the TRO is an *ex parte* proceeding.  However, it had an appearance on the record and was prepared to respond to the notice of motion and present its objections.  By ruling ahead of the presentment hearing, the Court prevented FORIOUS from exercising its right to be heard pursuant to the notice.  FORIOUS requests an opportunity to be heard before being subjected to this extreme relief.

FORIOUS has made good faith efforts to reach Plaintiff's counsel to address this issue.

Dated: July 3, 2024

Respectfully submitted,

/s/ Edward H. Rice
Edward H. Rice
Law Office of Edward H. Rice, LLC
555 Skokie Blvd., Suite 500
Northbrook, IL 60062
ed@edwardricelaw.com
(312) 953-4566

*Counsel for Defendant,
FORIOUS*