IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Meihua Yan, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> The Individuals, Partnerships and ) <br> Unincorporated Associations Identified on ) <br> Schedule A, ) <br> Defendants ) | Case No. 1:24-cv-5403 <br><br> Hon. Sara Ellis |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION**

Plaintiff, Meihua Yan, submits this Memorandum of Law in support of his Motion for Entry of a Preliminary Injunction as to all Defendants except Defendant Forious.

**Memorandum of Law**

**I. INTRODUCTION**

Plaintiff, Meihua Yan ("Yan" or "Plaintiff"), brings the present action against the Defendants identified on Schedule "A" (collectively, the "Defendants") for Design Patent Infringement. As alleged in Plaintiff's Complaint, Defendants are selling unauthorized products that infringe Plaintiff's design patent, hereinafter referred to as the "Works." The Defendants are promoting, distributing, offering for sale, and selling products infringing Plaintiff's design patent (the "Infringing Products") through various fully interactive commercial internet websites operating under, at a minimum, the online marketplace accounts listed in Schedule "A" (collectively, the "Defendant Internet Stores").

1

## II. STATEMENT OF FACTS and LAW

On July 3, 2024, this Court granted Plaintiff's Motion for a Temporary Restraining Order (the "TRO"). (Dkt No. 13). The TRO authorized Plaintiff to provide notice of these proceedings and the preliminary injunction hearing to Defendants. (ECF No. 19 ¶¶ 14-17). Defendants may be notified by serving copies of the Complaint, Motion, and TRO, on each defendant by e-mail and/or online contact form or other means of electronic contact provided on the e-commerce stores operating under the Seller IDs, or by providing a copy of this Order by e- mail to the marketplace platform for each of the Seller IDs. The marketplace platform, in turn, notifies each defendant of the Order, or by other means reasonably calculated to give notice which is permitted by the Court. (Dkt 10). Alternatively, Plaintiff shall post copies of the Complaint, the Motion, this Order, as well as all other documents filed in this

action on the website located at www.daviscarterlaw.com and shall provide the address to the website to the defendants via e-mail/online contact form, and such notice so given shall be deemed good and sufficient service thereof. (Plaintiff has filed a Motion contemporaneously seeking this relief). Several of the Defendants have filed attorney appearances in this action thereby waiving service of process.

Plaintiff respectfully requests that this Court convert the TRO to a preliminary injunction against certain Defendants identified on Schedule A to the Complaint, so that they remain enjoined from the manufacture, importation, distribution, offering for sale, and sale of Infringing Products during the pendency of this litigation. As part of the Preliminary Injunction, Plaintiff requests that Defendant's accounts remain frozen until completion of these proceedings, (excluding Defendant Forious). The Parties are separately briefing a Motion for Preliminary Injunction regarding Defendant Forious.

2

## Applicable Law

The plain language of Rule 65, which permits the issuance of a preliminary injunction "only on notice," or the issuance of a temporary restraining order in some cases without "written or oral notice to the adverse party or its attorney." Fed.R.Civ.P. 65(a), (b)(1). An order granting a preliminary injunction or restraining order must "describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." Fed.R.Civ.P. 65(d)(1)(C).

Here, the TRO was based on this Court's suggested order containing necessary and limiting details to avoid undue hardship. The Court reviewed substantial documentation and affidavits in review of the Motion for a TRO. Such documentation included an affidavit of the patent holder, the Patent issued by the USPTO, and printouts of the infringing products listed for sale on the internet platforms.

## Presumption of Validity of Patent

The presumption of validity of a patent is a well-established legal principle, as reflected in the search results. This presumption means that a patent is assumed to be valid unless proven otherwise. To overcome this presumption, the party challenging the patent must provide evidence that meets a clear and convincing standard. *Aero Industries, Inc. v. John Donovan Enterprises-Florida, Inc.*, 80 F.Supp.2d 963 (1999); (*Bone Care Intern., LLC v. Pentech Pharmaceuticals, Inc*., 741 F.Supp.2d 865 (2010)); (*Medical Laboratory Automation, Inc. v. Labcon, Inc.*, 670 F.2d 671 (1981). These principles are also codified in 35 U.S.C. § 282, which explicitly establishes the presumption of validity of patents. Hence, Plaintiff's patent is presumed valid and enforceable against infringers.

**III.     ARGUMENT**

   **A)  A Preliminary Injunction Extending Relief Already Granted in the TRO Is Appropriate**

Plaintiff respectfully requests that this Court convert the TRO to a preliminary injunction to prevent further unlawful conduct by Defendants. This Court, in addressing similar allegations of Internet-based infringement, has also issued preliminary injunctions following a temporary restraining order. *See, e.g., Anti-Aging Techs., LLC v. The Partnerships & Unincorporated Assocs. Identified in Sch. "A,"* 1:20-cv-06597, Dkt. 44-45 (N.D. Ill. Nov. 6, 2020) (converting TRO to a preliminary injunction in a trademark counterfeiting case); *Epic Tech, LLC v. Paradise Internet Café, LLC*, No. 3:15-cv-00530-J-34JRK, 2015 WL 2342990, at *3 (M.D. Fla. May 14, 2015) (converting TRO to a preliminary injunction in copyright case); *Michael Buxton v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 23-cv-07526 (N.D. Ill. Sept. 26, 2023) (converting a TRO to a preliminary injunction in copyright case); *Holly Denise Simental v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 23-cv-09694 (N.D. Ill. Oct. 5, 2023) (converting a TRO to a preliminary injunction in copyright case).

   **i)     This Court Has Already Found that the Requirements for a Preliminary Injunction Have Been Satisfied**

Since the standard for granting a TRO and the standard for granting a preliminary injunction are identical in this Circuit, the requirements for entry of a preliminary injunction extending the TRO have been satisfied. *See, e.g., Charter Nat'l Bank & Trust v. Charter One Fin., Inc.*, No. 1:01-cv-00905, 2001 WL 527404, *1 (N.D. Ill. May 15, 2001) (citations omitted). A temporary restraining order or preliminary injunction may be issued upon a

4

showing that: "(1) there is a reasonable likelihood that Plaintiff will succeed on the merits; (2) Plaintiff will suffer irreparable injury if the order is not granted because there is no adequate remedy at law; (3) the balance of hardships tips in Plaintiff's favor; and (4) the public interest will not be disserved by the injunction." *Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1076 (N.D. Ill. 1996). By virtue of this Court's entry of the TRO, it has already found that the above requirements have been satisfied.

### ii) The Equitable Relief Sought Remains Appropriate

The U.S. Patent Act authorizes courts to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a patent." 35 U.S.C. §283. Plaintiff requests conversion of the TRO to a preliminary injunction so that Defendants' accounts in U.S.-based financial institutions remain frozen. Since entry of the TRO, Plaintiff has obtained information, including the identification of foreign accounts linked to the Defendant Internet Stores which were offering for sale and/or selling Infringing Products. In the absence of a preliminary injunction, Defendants may attempt to move assets from accounts in U.S.- based financial institutions to an offshore account to avoid any consequences pursuant to this matter. Therefore, it is imperative Defendants' assets remain frozen for the remainder of the proceedings. As such, an order continuing to freeze the Defendants' assets, except for Forious, should be granted.

### IV. CONCLUSION

In view of the foregoing, Plaintiff respectfully requests that this Court enter the preliminary injunction.

Dated: July 18, 2024

                                                Respectfully,

                                                <u>/s/Carla Buterman-Carter</u>
                                                Carla Carter
                                                Michael Davis
                                                Davis & Carter LLC
                                                53 W. Jackson Blvd., Ste. 1560
                                                Chicago, IL 60604
                                                T: (312) 600-5485
                                                ccarter@daviscarterlaw.com
                                                mdavis@daviscarterlaw.com
                                                *Counsel for Plaintiff*