**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Meihua Yan, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:24-cv-5403 |
| v. | ) | |
| | ) | |
| The Individuals, Partnerships and | ) | |
| Unincorporated Associations Identified on | ) | |
| Schedule A, | ) | |
| Defendants | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY**
**OF A PRELIMINARY INJUNCTION AS TO DEFENDANT FORIOUS**

Plaintiff, Meihua Yan, submits this Memorandum of Law in support of his Motion for

Entry of a Preliminary Injunction as to Defendant Forious [Def. 1, 2, and 24].

**Memorandum of Law**

## I.  INTRODUCTION

Plaintiff, Meihua Yan ("Yan" or "Plaintiff"), brings the present action against the

Defendants identified on Schedule "A" (collectively, the "Defendants") for Design Patent

Infringement. As alleged in Plaintiff's Complaint, Defendants are selling unauthorized products

that infringe Plaintiff's design patent, hereinafter referred to as the "Works." The Defendants

are promoting, distributing, offering for sale, and selling products infringing Plaintiff's design

patent (the "Infringing Products") through various fully interactive commercial internet

websites operating under at least the Defendant online marketplace accounts listed in Schedule

"A" (collectively, the "Defendant Internet Stores").

## II.    STATEMENT OF FACTS and LAW

On July 3, 2024, this Court granted Plaintiff's Motion for a Temporary Restraining Order (the "TRO"). (Dkt No. 13). The TRO authorized Plaintiff to provide notice of these proceedings and the preliminary injunction hearing to Defendants.

Defendants may be notified by serving copies of the Complaint, Motion, and TRO, on each defendant by e-mail and/or online contact form or other means of electronic contact provided on the e-commerce stores operating under the Seller IDs, or by providing a copy of this Order by e- mail to the marketplace platform for each of the Seller IDs so that the marketplace platform, in turn, notifies each defendant of the Order, or by other means reasonably calculated to give notice which is permitted by the Court. (Dkt 10). Alternatively, Plaintiff shall post copies of the Complaint, the Motion, this Order, as well as all other documents filed in this action on the website located at www.daviscarterlaw.com and shall provide the address to the website to the defendants via e-mail/online contact form, and such notice so given shall be deemed good and sufficient service thereof. (Plaintiff has filed a Motion contemporaneously seeking this relief). Several of the Defendants have filed attorney appearances in this action thereby waiving service of process.

Plaintiff has contemporaneously filed a Motion and supporting Memorandum in regards to all Defendants identified on Schedule A to the Complaint. This Memorandum relates solely to Defendant Forious.

### Applicable Law

The plain language of Rule 65, which permits the issuance of a preliminary injunction "only on notice," or the issuance of a temporary restraining order in some cases without "written or oral notice to the adverse party or its attorney." Fed.R.Civ.P. 65(a), (b)(1). An order granting a

preliminary injunction or restraining order must "describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." Fed.R.Civ.P. 65(d)(1)(C).

Here, the TRO was based on this Court's suggested order containing necessary and limiting details to avoid undue hardship. Court reviewed substantial documentation and affidavits in review of the Motion for a TRO. Such documentation included affidavit of the patent holder, the Patent issued by the USPTO, and printouts of infringing products for sale on the internet platforms.

## Presumption of Validity of Patent

The presumption of validity of a patent is a well-established legal principle. This presumption means that a patent is assumed to be valid unless proven otherwise. To overcome this presumption, the party challenging the patent must provide evidence that meets a clear and convincing standard. *Aero Industries, Inc. v. John Donovan Enterprises-Florida, Inc.*, 80 F.Supp.2d 963 (1999); (*Bone Care Intern., LLC v. Pentech Pharmaceuticals, Inc.*, 741 F.Supp.2d 865 (2010)); (*Medical Laboratory Automation, Inc. v. Labcon, Inc.*, 670 F.2d 671 (1981). These principles are also codified in 35 U.S.C. § 282, which explicitly establishes the presumption of validity for patents. Hence, Plaintiff's patent is presumed valid and enforceable against infringers.

## Patent Infringement

"Design patent infringement occurs when a party, without license of the owner, (1) applies the patented design, or any colorable imitation thereof, to any article of manufacture for the purpose of sale, or (2) sells or exposes for sale any article of manufacture to which such design

or colorable imitation has been applied." *ABC Corp. I v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, 52 F.4th 934, 941 (Fed. Cir. 2022). The key question is whether, "in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other." *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1335 (Fed. Cir. 2015) (internal quotation marks omitted).

The Federal Circuit set forth the standard for determining infringement of a design patent in *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665 (Fed. Cir. 2008) (*en banc*). The *en banc* court in *Egyptian Goddess* expressly rejected a "point of novelty" test as part of its infringement analysis; instead, it held that the "ordinary observer" test should be the sole test to determine infringement in the design patent context. *Id.* at 678. The "ordinary observer" is the "test for determining whether a design patent has been infringed." *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008). The "ordinary observer" is a person that "gives such attention as a purchaser usually gives." *Id.* at 670 (quoting *Gorham Co. v. White,* 81 U.S. 511, 14 Wall. 511, 20 L.Ed. 731 (1871)). The Court, however, must "apply the ordinary observer test on a *product-by-product* basis." *ABC Corp. I*, 52 F.4th at 943 (emphasis added).

To prove infringement, a plaintiff must demonstrate by a preponderance of the evidence that "an ordinary observer, familiar with the prior art ... would be deceived into believing the [accused product] is the same as the patented [product]." *Egyptian Goddess*, 543 F.3d at 681; *see also id.* at 670 ("two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other"); *id.* at 679. This substantially similarity is the basis of Plaintiff's claims and its TRO in this case.

## III. ARGUMENT

### a) A Preliminary Injunction Extending Relief Already Granted in the TRO Is Appropriate

Plaintiff respectfully requests that this Court convert the TRO to a preliminary injunction to prevent further unlawful conduct by Defendant Forious. This court, in addressing similar allegations of Internet-based infringement, has also issued preliminary injunctions following a temporary restraining order. *See, e.g., Anti-Aging Techs., LLC v. The Partnerships & Unincorporated Assocs. Identified in Sch. "A,"* 1:20-cv-06597, Dkt. 44-45 (N.D. Ill. Nov. 6, 2020) (converting TRO to a preliminary injunction in a trademark counterfeiting case); *Epic Tech, LLC v. Paradise Internet Café, LLC*, No. 3:15-cv-00530-J-34JRK, 2015 WL 2342990, at *3 (M.D. Fla. May 14, 2015) (converting TRO to a preliminary injunction in copyright case); *Michael Buxton v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 23-cv-07526 (N.D. Ill. Sept. 26, 2023) (converting a TRO to a preliminary injunction in copyright case); *Holly Denise Simental v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 23-cv-09694 (N.D. Ill. Oct. 5, 2023) (converting a TRO to a preliminary injunction in copyright case).

A temporary restraining order or preliminary injunction may be issued upon a showing that: "(1) there is a reasonable likelihood that Plaintiff will succeed on the merits; (2) Plaintiff will suffer irreparable injury if the order is not granted because there is no adequate remedy at law; (3) the balance of hardships tips in Plaintiff's favor; and (4) the public interest will not be disserved by the injunction." *Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1076 (N.D. Ill. 1996). By virtue of this Court's entry of the TRO, it has already found that the above requirements have been satisfied.

As Defendant Forious (Def. 1, 2, and 24) ["Forious"] intends to object to this Motion, Plaintiff shall examine the elements specifically as to Forious to allow the Court to determine whether the PI should issue.

### i)      Plaintiff is likely to succeed on the merits of it Claims

The United States Patent Act provides that "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a). Plaintiff has submitted extensive documentation that Defendants make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use the same product that infringes directly and/or indirectly the ornamental designs claimed in the Design. *Decl.*. The documentation submitted by Plaintiff shows that an ordinary observer would be deceived into thinking that the Infringing Product was the same as the Design. *See Competitive Edge, Inc. v. Staples, Inc.*, 763 F. Supp. 2d 997, 1011 (N.D. Ill. 2010) (citing *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 672 (Fed. Cir. 2008)). Finally, Plaintiff has not licensed or authorized Defendants to use the Design, and none of the Defendants are authorized retailers of genuine Plaintiff Products. *Id.*. Accordingly, Plaintiff is likely to establish a *prima facie* case of design patent infringement.

In review of the Forious products, using the "ordinary observer" test, this Court must determine if "in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other." *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1335 (Fed. Cir. 2015).

Plaintiff, a designer for a long-established company selling bathroom fixtures that has a long history of protecting its designs;indeed, they have more than 230 patents. Plaintiff's patent at issue here relates to a faucet design. See Design Patent attached as <u>Exhibit 1</u>. Forious also sells such fixtures. Plaintiff asserts claims over two designs that Forious is selling.

As a case-by-case analysis is required, we examine the first product Forious sold that is alleged to have infringed Plaintiff's patent:

**Patented Design**                                          **Forious product**



An "ordinary observer" can easily "see giving such attention as a purchaser usually gives [that] two designs are substantially the same. It is of note, that Forious has asserted in its previous motions that it has been selling such design for a year, which is just a few months after Plaintiff's design was published by the USPTO in February 2023. The clear similarity and timing give credence to Plaintiff's claims. Applying the "ordinary observer" test coupled with the presumption of validity of Plaintiff's Design patent, establishes by a preponderance of the evidence that Plaintiff is likely to succeed on the merits of the case as to this product.

Plaintiff has also asserted a second product offered by Forious infringes their design patent. Below is a side-by-side comparison of the designs and product.

| **Patented Design** | **Forious product** |
|---|---|



Applying the "ordinary observer" test in this product analysis, the key question is whether, "…giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, ..." *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1335 (Fed. Cir. 2015) (internal quotation marks omitted). Here, the designs are substantially similar when viewed as whole. In reviewing the handles, the handles are nearly identical. In reviewing the faucet, the faucets have the same general shape, including squareness of the projection and flatness of the extension, that creates a substantial similarity. Applying the same level of attention that a purchaser may give could easily allow one to assume that they were made by the same manufacturer or designer.

### **Plaintiff's Additional measures regarding Forious**

Plaintiff takes all reasonable measures to protect and enforce its IP, including applying for and obtaining patents for its designs and products. Plaintiff, and his company, identify its protections including identifying that it has over 230 patents currently on the websites selling its products. However, in this case, Plaintiff took the additional steps of sending Forious a cease-and-desist letter in January 2024, six months before filing this lawsuit, in an attempt to resolve this dispute. See Exhibit 2, the notice to Forious. Forious had ample notice of their infringement and the claims in this lawsuit. Forious chose to ignore the attempt and cannot now claim that

they should avoid the TRO due the harm when they willingly ignored warnings.

### ii)     The Equitable Relief Sought Remains Appropriate

The U.S. Patent Act authorizes courts to grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a patent. 35 U.S.C. § 283.  Plaintiff requests conversion of the TRO to a preliminary injunction so that Defendants' accounts in U.S.-based financial institutions remain frozen. Defendant Forious is a Chinese entity with no known ties to the U.S. other than the Amazon account that remains frozen.  In the absence of a preliminary injunction, Defendant may attempt to move any assets from any accounts in U.S.- based financial institutions to an offshore account. Therefore, Defendant's frozen assets according to the TRO should remain frozen for the remainder of the proceedings. As such, an order continuing to freeze the Defendants' assets should be granted.[1]

### iii.    The balance of harms favors Plaintiff

As noted above, this Court was satisfied in ruling on the TRO that Plaintiff has demonstrated (1) a likelihood of success on the merits, (2) no adequate remedy at law, and (3) the threat of irreparable harm if preliminary relief is not granted, then it must next consider the harm that Defendant will suffer if preliminary relief is granted, balancing such harm against the irreparable harm Plaintiff will suffer if relief is denied. *Ty, Inc.*, 237 F.3d at 895. Here, Plaintiff notified Forious of the allegations six months prior to litigation and was forced to file suit due to Forious' refusal to communicate or cease its infringing acts. As willful infringers, Defendant is entitled to little equitable consideration. This is because any harm to Defendant that could

---

[1] The Parties are currently in negotiations to reduce the asset restraint and hope to have an agreement shortly.

possibly result from a temporary restraining order or preliminary injunction is self-inflicted. Defendants took a calculated risk when they engaged in design patent infringement. Under such circumstances, courts refuse to assign any "harm" to the defendant because it assumed the risk. *See Celsis in Vitro, Inc. v. CellzDirect, Inc*., 664 F.3d 922, 931 (Fed. Cir. 2012) ("the preliminary record suggests that LTC's losses were the result of its own calculated risk in selling a product with knowledge of Celsis' patent").

Additionally, Plaintiff took measures to contact Forious regarding the infringement six months before filing this Case and obtaining a TRO. Forious chose to ignore the warnings and continue selling their products. Forious cannot now claim that they had no warning and have suffered harm because of the TRO when they could have engaged with Plaintiff or taken corrective measures. Forious took the calculated risk to continue their actions. The balance of harm favors Plaintiff who has continued to be harmed by Forious despite efforts to resolve the dispute in advance of court proceedings.


iv. **The Preliminary Injunction is in the public interest**

As Plaintiff has demonstrated and this Court has found, Defendant has been profiting from the sale of Infringing Products. Thus, the balance of equities tips decisively in Plaintiff's favor. The public is currently under the false impression that Plaintiff has granted a license or permission to Defendant with respect to the Design. In this case, the injury to the public is significant, and the injunctive relief that Plaintiff seeks is specifically intended to remedy that injury by dispelling the public confusion created by Defendant's actions. As such, equity requires that Defendants be ordered to cease their unlawful conduct

## IV.   CONCLUSION

In view of the foregoing, Plaintiff respectfully requests that this Court enter the preliminary injunction.

Dated: July 18, 2024

Respectfully,

/s/Carla Buterman-Carter
Carla Carter
Michael Davis
Davis & Carter LLC
53 W. Jackson Blvd., Ste. 1560
Chicago, IL 60604
T: (312) 600-5485
ccarter@daviscarterlaw.com
mdavis@daviscarterlaw.com
*Counsel for Plaintiff*



【专利侵权警告】

Dotson Lily <lilydotson139@gmail.com>
发送至 52057777 ▾

您好，卖家 **FORIOUS**

贵司在Amazon平台出售的产品（ASIN：B0C6LR8JNP、B0C6LNYNYQ、B0C6LQKTS5、B0CJFHXSYT、B0CJFHIVT5H、B0CJFG5W4B）和Wayfair平台的4个颜色产品（https://www.wayfair.com/home-improvement/pdp/forious-widespread-faucet-2-handle-bathroom-faucet-with-drain-assembly-ilaz1094.html）侵犯了我们的专利，我司已经委托美国律师收集证据并将提交法院处理。

基于友好原则，现提前通知贵司，请在2024年2月1日前下架侵权产品并且书面重塑承诺不再侵犯我司的专利。否则后续将所有问题只能联系美国律师解决。

如你选择忽略本通知，后续请勿联系我们，美国律师的合作是全权授权，提起诉讼后我们也没有任何办法帮您解决问题。

此外，如果您还有其他侵权产品在售，我们也将同样采取法律行动。

—KES

[↩ 回复]  [↪ 转发]  ⊘

1月3日周三 11:10   ☆ ☺ ↩ ⋮



【专利侵权警告】

Dotson Lily <lilydotson139@gmail.com>                                                                1月3日周三 11:10   ☆ ☺ ↩ ⋮
发送至 52057777 ▾

您好，卖家 **FORIOUS**

贵司在Amazon平台出售的产品（ASIN：B0C6LR8JNP、B0C6LNYNYQ、B0C6LQKTS5、B0CJFHXSYT、B0CJFHIVT5H、B0CJFG5W4B）和Wayfair平台的4个颜色产品（https://www.wayfair.com/home-improvement/pdp/forious-widespread-faucet-2-handle-bathroom-faucet-with-drain-assembly-ilaz1094.html）侵犯了我们的专利，我司已经委托美国律师收集证据并将提交法院处理。

基于友好原则，现提前通知贵司，请在2024年2月1日前下架侵权产品并且书面重塑承诺不再侵犯我司的专利。否则后续将所有问题只能联系美国律师解决。

如你选择忽略本通知，后续请勿联系我们，美国律师的合作是全权授权，提起诉讼后我们也没有任何办法帮您解决问题。

此外，如果您还有其他侵权产品在售，我们也将同样采取法律行动。

—KES

[↩ 回复]  [↪ 转发]  ⊘

【专利侵权警告】（【Patent Infringement Warning】）



Dotson Lily <lilydotson139@gmail.com>                                                                2024年1月3日周三 11:10   ☆ ☺ ↩ ⋮
发送至 52057777 ▾

检测原属语 → 英语                                                              ⚙
显示原始中内容

Hello, seller FORIOUS

The products sold by your company on the Amazon platform (ASIN: B0C6LR8JNP, B0C6LNYNYQ, B0C6LQKTS5, B0CJFHXSYT, B0CJFHIVT5H, B0CJFG5W4B) and the 4 color products on the Wayfair platform ( https://www.wayfair.com/home-improvement/pdp/forious-widespread-faucet-2-handle-bathroom-faucet-with-drain-assembly-ilaz1094.html ) infringe our patent. Our company has commissioned a US law firm to collect evidence and will submit it to the court for processing.

Based on the principle of friendship, we now notify your company in advance that please remove the infringing products before February 1, 2024, and make a written commitment to no longer infringe our patents. Otherwise, all subsequent issues can only be resolved by contacting a US law firm.

If you choose to ignore this notice, please do not contact us in the future. The cooperation of the US law firm is a full authorization, and we have no way to help you solve the problem after filing a lawsuit.

In addition, if your company has other infringing products on sale, we will also take legal action.

—KES





US00D978293S

(12) **United States Design Patent**    (10) **Patent No.:**    **US D978,293 S**

Yan         (45) **Date of Patent:**   ** **Feb. 14, 2023**

(54) **FAUCET SET**

(71) Applicant: **Meihua Yan**, Hong Kong (CN)

(72) Inventor: **Meihua Yan**, Hong Kong (CN)

(**) Term: **15 Years**

(21) Appl. No.: **29/785,806**

(22) Filed: **May 27, 2021**

(51) **LOC (14) Cl.** ............................................. **23-01**

(52) **U.S. Cl.**
USPC ....................................................... **D23/242**

(58) **Field of Classification Search**
USPC ....... D23/238–244, 252, 254–255, 257, 499; D7/398
CPC .... F16K 31/602; F16K 31/605; F16K 31/607; E03C 1/0412
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| D517,655 | S | * | 3/2006 | Ogata ........................ D23/241 |
| D602,570 | S | * | 10/2009 | Lammel ...................... D23/242 |
| D767,727 | S | * | 9/2016 | Eads .......................... D23/242 |
| D797,246 | S | * | 9/2017 | Downey ..................... D23/242 |
| D809,630 | S | * | 2/2018 | Schoenherr ................ D23/242 |
| D811,536 | S | * | 2/2018 | Schoenherr ................ D23/242 |
| D828,506 | S | * | 9/2018 | Schoenherr ................ D23/238 |
| D828,507 | S | * | 9/2018 | Schoenherr ................ D23/238 |
| D848,575 | S | * | 5/2019 | Garland ..................... D23/242 |
| D856,490 | S | * | 8/2019 | Seum ......................... D23/242 |
| D861,136 | S | * | 9/2019 | Diefenbach ................ D23/242 |
| D868,215 | S | * | 11/2019 | Chen ......................... D23/242 |
| D883,442 | S | * | 5/2020 | Massaud .................... D23/242 |
| D898,872 | S | * | 10/2020 | Massaud .................... D23/242 |
| D916,500 | S | * | 4/2021 | Johnson ..................... D6/542 |
| D924,369 | S | * | 7/2021 | Zeng ......................... D23/242 |
| D944,365 | S | * | 2/2022 | Lazarini .................... D23/242 |
| D961,051 | S | * | 8/2022 | Zeng ......................... D23/241 |
| D961,053 | S | * | 8/2022 | Zhu ........................... D23/242 |
| D965,111 | S | * | 9/2022 | Kulig ........................ D23/242 |

FOREIGN PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| CA | 166280 | * | 3/2017 |
| CN | 304953123 | * | 12/2018 |
| IN | 249374-0001 | * | 3/2014 |
| WO | D093856-021 | * | 6/2017 |

OTHER PUBLICATIONS

KES Bathroom Sink Faucet , first available Apr. 22, 2021[online], [site visited Jul. 25, 2022]. Available from internet. URL:<https://www.amazon.com/dp/B0936S8NN2/?th=1> (Year: 2021).*

(Continued)

*Primary Examiner* — David G Muller
*Assistant Examiner* — Jamaal Rasheed
(74) *Attorney, Agent, or Firm* — ScienBiziP, P.C.

(57) **CLAIM**

The ornamental design for a faucet set, as shown and described.

**DESCRIPTION**

FIG. **1** is a front, right, and top perspective view of a faucet set, showing my design.
FIG. **2** is a front elevation view thereof.
FIG. **3** is a rear elevation view thereof.
FIG. **4** is a left side elevation view thereof.
FIG. **5** is a right side elevation view thereof.
FIG. **6** is a top plan view thereof; and,
FIG. **7** is a bottom plan view thereof.

The broken lines shown in the drawings are included for the purpose of illustrating portions of the faucet set that form no part of the claimed design.

**1 Claim, 7 Drawing Sheets**





(56)        **References Cited**

OTHER PUBLICATIONS

KENES Black Widespread Bathroom Faucet , first available Oct. 12, 2021 [online], [site visited Jul. 21, 2022], Available from internet, URL:< https://www.amazon.com/dp/B09J83CJR7> (Year: 2021).*

VCCUCINE Modern 2 Handle 3 Holes Solid Brass Matte Black Lavatory Vanity Sink Widespread Bathroom Faucet, Date first available Dec. 5, 2019[online], [site visited Jul. 23, 2022]. Available from internet, URL:< https://www.amazon.com/VCCUCINE-Modern-Lavatory-Widespread-Bathroom/dp/B082CCRR43> (Year: 2019).*

\* cited by examiner



FIG. 1



FIG. 2



FIG. 3



FIG. 4



FIG. 5



FIG. 6



FIG. 7

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was electronically filed on July 18, 2024 with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification of such filing to all registered attorneys of record.

*/s/ Carla E. Buterman-Carter*