IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Meihua Yan<br><br>    Plaintiff,<br><br>v.<br><br>The individuals, Partnerships and Unincorporated associations Identified on Schedule A,<br><br>    Defendants. | Case No. 24-cv-05403<br><br>Judge Hon. Sara L. Ellis<br><br>Magistrate Judge Hon. Maria Valdez |

**DEFENDANT'S OPPOSITION TO INJUNCTIVE RELIEF**

Defendant CEINOL-USA ("Defendant") through its undersigned counsel, submits its Opposition to Plaintiff's request for injunctive relief (Dkt. # 27). The basis is simple: the Plaintiff has provided no factual or legal basis to support their assertion that Defendant infringed its U.S. Design Patent No. D978,293 ("the '293 Patent," Exhibit A) and has not countered Defendant's strong evidence of invalidity of the '293 Patent, let alone warranting a preliminary injunction. Rather, clear and convincing evidence reflects the Plaintiff's assertions of infringing the '293 Patent against Defendant are untenable and defy the pleading rules.

**I.    INTRODUCTION**

The '293 Patent has a single claim directed to the following faucet design ("the Claimed Faucet"):



The Claimed Faucet has been known to the public more than one year before the May 27, 2021 priority date of the '293 Patent. On August 14, 2014, https://www.build.ca disclosed a faucet substantially identical to the Claimed Faucet ("the Prior Art Faucet #1" Exhibit B). On April 19, 2010, Michael Sieger disclosed a faucet which is substantially the same as the Claimed Faucet in U.S. Patent No. D625,393 S on October 12, 2010 ("the Prior Art Faucet #2" Exhibit C).

The Prior Art Faucets #1 and #2 are compared directly with the Claimed Faucet in the table below and they are substantially the same:



| Claimed Faucet in the '293 Patent (Plaintiff's patent) | Prior Art Faucets |
|---|---|
| Priority Date: May 27, 2021 (Exhibit A) | Prior Art Faucet #1 |
| | Prior Art Faucet #2 |

In addition, Defendant obtained its own patent, U.S. Patent No. D994,081 S ("the '081 Patent, Exhibit D), to protect its faucets. The Patent Office reviewed the claim of the '081 Patent

2

over the disclosure of the '293 Patent and determined that the claimed faucet in the '081 Patent is patentably distinctive from that of the '293 Patent. The Defendant's faucet being blocked by the Plaintiff for alleged infringement of the '293 Patent is also patentably distinctive from that of the '293 Patent because it was made under the '081 Patent (see the table below).

| Faucet claimed in the '081 Patent (licensed to Defendant) | Defendant's faucet being blocked by Plaintiff |
|---|---|
|  | |

### A.  Noninfringement of the '293 Patent

Based on the Patent Office determination that the faucet in the '081 Patent is patentably distinctive from that of the '293 Patent, Defendant's faucets can be presumed to not infringe the claim of the '293 Patent as they were made under the '081 Patent. The Patent Office decision was made based on numerous differences in their ornament designs to conclude that these differences made them patentably distinctive (or substantially dissimilar) from each other.

Due to the numerous differences stated above, the Defendant's faucet can be presumed to not infringe the claim of the '293 Patent because design patents are narrow in scope, and the figures of a design patent form the claim. If features appearing in figures of a design patent are not desired to be claimed, the patentee is permitted to show the features in broken lines to exclude those features from the claimed design, and the failure to do so signals inclusion of the features in the claimed design. *Contessa Food Prods., Inc. v. Conagra, Inc.*, 282 F.3d 1370, 1368 (Fed. Cir. 2002).

3

In addition, The USPTO has confirmed these critical differences by holding the claimed faucet in the '081 Patent as being patentably distinctive from that disclosed in the '293 Patent (see Page 1, Col. 2, line 3 of the '081 Patent, Exhibit D). Such a USPTO decision shall create a presumption that the Defendant's faucet is substantially different from the '293 Patent claim and that it does not infringe the '293 Patent claim.

B.   **Invalidity of the '293 Patent**

Another nail in Plaintiff's coffin is that identical/near identical faucets have been disclosed or for sale publicly since April 19, 2010 ("Prior Art Faucets"), more than one year prior to the May 27, 2021 priority date of the '293 Patent. The Prior Art Faucets and the Claimed Faucet are compared side by side in the following table:

| Claimed Faucet in the '293 Patent (Plaintiff's patent) | Prior Art Faucets |
|---|---|
| [image of claimed faucet] | [image of Prior Art Faucet #1]<br><br>Prior Art Faucet #1 |
|  | [image of Prior Art Faucet #2]<br><br>Prior Art Faucet #2 |

4

The Prior Art Faucets are substantially the same as the Claimed Faucet and render the Claimed Faucet invalid as being obvious under 35 U.S.C. Section 103. Regarding the obviousness of design patents, the Federal Circuit Court recently held that "…the obviousness or nonobviousness of the claimed design is evaluated. We have previously described this inquiry as whether an ordinary designer in the field to which the claimed design pertains would have been motivated to modify the prior art design 'to create the same overall visual appearance as the claimed design.' … We reaffirm that the 'inquiry focuses on the visual impression of the claimed design as a whole and not on selected individual features.'…" *LKQ Corporation v. GM Global Technology Operations LLC*, No. 21-2348 (Fed. Cir. 5/21/2024) (*en banc*).

The Claimed Faucet would be obvious over the Prior Art Faucets because an ordinary designer in the field to which the claimed design pertains would have been motivated to modify the Prior Art Faucets to create the same overall visual appearance of the Claimed Faucet in the '293 Patent under the standard in *LKQ Corporation*.

**II.     THE LEGAL STANDARD FOR PRELIMINARY INJUNCTION**

To obtain a preliminary injunction, a party must demonstrate: (1) a substantial likelihood of success on the merits; (2) irreparable injury will be suffered if the relief is not granted; (3) the threatened injury outweighs the harm the relief would inflict on the nonmovant; and (4) the entry of the relief would serve the public interest. *Schiavo ex. Rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005); *see also Levi Strauss & Co. v. Sunrise Int'l. Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995) (applying preliminary injunction test in context of Lanham Act).

**III. ARGUMENTS**

Plaintiff does not and cannot satisfy any of the three criteria for preliminary injunction against Defendant under *Schiavo* and *Levi Strauss*.

Defendant has presented clear and convincing evidence to demonstrate that Plaintiff will falter on the merits because (i) Defendant's faucet is presumed to not infringe any valid claim of the '293 Patent; and (ii) the '293 Patent is invalid as being obvious over the Prior Art Faucets disclosed and/or on sale more than one year prior to the filing date of the '293 Patent.

Similarly, the instant Plaintiff should not be allowed to be unjustly enriched by enforcing an invalid patent which the Defendant also does not infringe. Defendant's continued sales of its faucets are legally recognized and legally encouraged market competitors to Plaintiff's faucets and Plaintiff does not have legally recognizable injuries from Defendant's market competition. Therefore, Plaintiff failed to meet the second criteria for preliminary injunction.

Finally, granting Plaintiff relief would hurt the public interest by decreasing market competition for faucets and create illegal monopoly profits for the Plaintiff based on misuse of an invalid patent, i.e. illegally extend the monopoly by misuse of the '293 Patent. Therefore, the Plaintiff has failed to satisfy the third criteria for preliminary injunction.

**IV. CONCLUSION**

For the reasons stated above, Plaintiff should be denied injunctive relief. A telephonic hearing on this motion is respectfully requested.

Dated: July 22, 2024

/s/lance liu
BY: Lance Liu, Esq.
Attorney for CEINOL-USA
15 Minuteman Circle
Southbury, CT 06488
Email: lanceliu2000@gmail.com
Phone: (203)706-9536

6

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2024, a copy of the foregoing document was filed electronically through the Court's CM/ECF NextGen system with notice of filing automatically sent electronically to counsel of record.

/s/lance liu
BY: Lance Liu, Esq.
15 Minuteman Circle
Southbury, CT 06488
Email: lanceliu2000@gmail.com
Phone: (203)706-9536
Attorney for CEINOL-USA