**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MEIHUA YAN, § | |
|      *Plaintiff*, § | |
| § | |
| v. § | |
| § | Case No. 1:24-cv-5403 |
| THE INDIVIDUALS, PARTNERSHIPS, § | |
| AND UNINCORPORATED § | |
| ASSOCIATIONS IDENTIFIED ON § | |
| SCHEDULE A, § | |
|      *Defendants*. § | |

**DEFENDANTS' MOTION TO VACATE THE PRELIMINARY INJUNCTION ORDER**

Pursuant to Fed. R. Civ. Pro. 60(b), Defendants BATHLAVISH, BWE Aqua Faucet, Bathfinesse Faucet, Greenspring, VIBRANTBATH, BESy Bathroom & Kitchen, BESy, HOIMPRO, and RUMOSE (collectively, "Defendants") respectfully move to vacate the Preliminary Injunction Order (granted Dkt. No. 38).

**I.    INTRODUCTION**

As a preliminary matter, Defendants are entitled to relief under Rule 60(b) from the Preliminary Injunction Order due to Plaintiff's misrepresentations and misconduct in failing to provide the Court with evidence of the design of the Accused Products sold by Defendants.

Turning to the merits of the preliminary injunction, Plaintiff has failed to establish a likelihood of success on the merits. To begin, the Patent is likely invalid in view of the cited prior art herein. Secondly, beyond the fact that Plaintiff never submitted evidence of the design of the Accused Products to the Court, the Accused Products are clearly dissimilar if not entirely distinct from the patented design. Therefore, there is clearly no infringement. Finally, the balance of harms favors Defendants, especially in light of the excessive asset restraint, and the public interest factor is neutral. For these reasons, the preliminary injunction should be vacated.

**II.     BACKGROUND**

Plaintiff Meihua Yan ("Plaintiff") filed this action for design patent infringement against numerous e-commerce storefronts (Dkt. No. 1). Plaintiff quickly moved for an *ex parte* temporary restraining order, which the court granted (Dkt. No. 13). Plaintiff then moved for a preliminary injunction, which the court granted without hearing arguments from Defendants (Dkt. No. 38). Counsel for Defendants did not attend the preliminary injunction hearing held on July 23, 2024 due to a misreading of the docket. Counsel for Defendants mistakenly believed their response was due on July 25, 2024. *See* Dkt. No. 15 ("The Court sets the following briefing schedule on Plaintiff's motion for preliminary injunction: Plaintiff's motion for preliminary injunction is due by 7/18/2024; Defendant's response is due by 7/25/2024; and Plaintiff's reply is due by 8/5/2024.").

Plaintiff is the purported inventor and owner of United States Design Patent No. D978,293 ("Patent"). The Patent enjoys an earliest effective filing date of May 27, 2021 and issued February 14, 2023. The Patent claims the ornamental design for a faucet set, as shown and described:



FIG. 1

Plaintiff is an individual from China and the owner and/or operator of the e-commerce storefront known as KES Faucet & Shower ("KES Storefront"). On the KES Storefront, Plaintiff

sells faucets that embody and practice the Patent. *See* Dkt. No. 1 at ¶¶ 11-14. Upon information and belief, Plaintiff has failed to comply with the patent marking requirements of 35 U.S.C. § 287 and has otherwise failed to provide pre-suit notice of the Patent to Defendants. *See* Dkt. No. 18 ("In the past week, FORIOUS has purchased and examined one of Yan's patented products and learned that Yan failed to comply with the patent marking provisions of the patent statute, 35 U.S.C. § 287."); *see also* Exhibit 3 of the Declaration of Meihua Yan, copy of KES Storefront product embodying the Patent with no virtual patent mark.

Defendants are e-commerce storefronts that sell bathroom and kitchen accessories. Specifically, Defendants sell various faucets with distinct designs (collectively, "Accused Products"). For example, Defendants BESy Bathroom & Kitchen, BESy, and HOIMPRO sell the following faucet design ("BESy Design"):



Similarly, Defendant RUMOSE, BATHLAVISH, BWE Aqua Faucet, Bathfinesse Faucet, Greenspring, and VIBRANTBATH sells the following faucet design ("RUMOSE Design"):



Nowhere in any filing did Plaintiff submit to the Court evidence of the faucets sold by Defendants, *i.e.*, the BESy Design and RUMOSE Design.

### III. AUTHORITIES

#### A. Rule 60(b) Standard

Rule 60(b) permits a party to seek relief from an order or judgment based on several circumstances, including "mistake, inadvertence, surprise, or excusable neglect," "fraud..., misrepresentation, or misconduct by an opposing party," or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (3), and (6). Rule 60(b) "is not an alternate route for correcting simple legal errors," however, and instead "it exists to allow courts to overturn decisions where special circumstances justify an extraordinary remedy." *Kennedy v. Schneider Elec.*, 893 F.3d 414, 420 (7th Cir. 2018) (citation and internal quotation marks omitted). "The district court has great latitude in making a Rule 60(b) decision because that decision is discretion piled on discretion." *Bakery Machinery & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009) (citation and internal quotation marks omitted).

#### B. Preliminary Injunction Standard

"An equitable, interlocutory form of relief, 'a preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it.'" *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of United States of Am., Inc.*, 549 F.3d 1079, 1085 (7th Cir. 2008) (quoting *Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 389 (7th Cir. 1984)); *see also Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034, 1044 (7th Cir. 2017) ("A preliminary injunction is an extraordinary remedy."). "It is never awarded as a matter of right." *Whitaker*, 858 F.3d at 1044.

In analyzing whether a preliminary injunction is justified, a court asks whether the party seeking the injunction has shown, as a threshold matter, that: (1) "its claim has some likelihood of succeeding on the merits" and (2) that, absent a preliminary injunction, it will suffer irreparable harm" for which "traditional legal remedies would be inadequate." *Valencia v. City of Springfield, Illinois*, 883 F.3d 959, 965 (7th Cir. 2018) (quotation marks and citation omitted). "If these threshold factors are met, the court proceeds to a balancing phase, where it must then consider" the balance of harms and the public interest. *Cassell v. Snyders*, 990 F.3d 539, 545 (7th Cir. 2021) (citations and quotation marks omitted).

Prior to the Supreme Court's ruling in *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006), a valid patent holder that showed reasonable likelihood of success on the merits of its infringement claim was entitled to an express presumption of irreparable harm. That presumption no longer holds. *Id*. Whether to grant an injunction under 35 U.S.C. § 283 is within a district court's sound discretion. *Amazon.com, Inc. v. Barnesandnoble.com*, 239 F.3d 1343, 1350 (Fed. Cir. 2001).

**IV.     ARGUMENTS**

    **A.     The Rule 60(b) Standard is Met**

Defendants are entitled to relief under Rule 60(b) from the Preliminary Injunction Order due to Plaintiff's misrepresentations and misconduct in failing to provide the Court with evidence of the design of the Accused Products sold by Defendants.

In Plaintiff's motions for a temporary restraining order and preliminary injunction, Plaintiff failed to provide the Court with any evidence of the Accused Products sold by Defendants. Instead, Plaintiff selectively filed "some screenshot[s]" of "certain products" offered by other defendants in this action. Declaration of Meihua Yan at ¶ 7 ("True and correct copies of *some* screenshot printouts showing the Defendant Online Stores, and *certain products* offered thereby, are attached

as Exhibit 4.") (emphasis added). For example, Exhibit 4 to the Declaration of Meihua Yan shows the following three accused products which are obviously distinct from Defendants' Accused Products:

| *Defendant* | *Exhibit 4 Products* |
|---|---|
| FORIOUS-USA | |
| BUHUILOU | |
| Hamoler | |

From this it is clear that the screenshots of "certain products" actually filed with the Court were only those products deemed by Plaintiff to have stronger infringement reads. At the very

least, Plaintiff mislead the Court into the false belief that the design of the products filed in Exhibit 4 to the Declaration of Meihua Yan were at least *similar* to the Accused Products sold by Defendant (they clearly are not). Otherwise, Plaintiff provided the Court with *no basis* to conclude in granting the temporary restraining order and preliminary injunction that Plaintiff had shown a likelihood of success on the merits of the infringement claim. For these reasons, Defendants are entitled to relief under Rule 60(b).

      **B.**      **No Likelihood of Success on the Merits**

To establish a likelihood of success on the merits, the Federal Circuit requires that a patent holder "show that it will likely prove infringement of the asserted claims and that its infringement claim will likely withstand the alleged infringer's challenges to patent validity and enforceability." *Metalcraft of Mayville, Inc. v. The Toro Co.*, 848 F.3d 1358, 1364 (Fed. Cir. 2017). Where an accused infringer "raises a substantial question concerning either infringement or validity, *i.e.*, asserts an infringement or invalidity defense that the patentee cannot prove lacks substantial merit, the preliminary injunction should not issue." *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350-51 (Fed. Cir. 2001) (internal quotation marks omitted). Here, both validity and infringement are tenuous at best, rendering Plaintiff's likelihood of success on the merits seriously lacking.

          *i.*      *The Patent is Likely Invalid*

Patent validity is governed in part by 35 U.S.C. §§ 102 and 103. Generally, a single prior art reference may anticipate a patent as not novel under § 102, while a combination of prior art references may render a patent obvious under § 103. Here, Defendants cite to numerous prior art references which invalidate the Patent in combination under § 103. All prior art references cited herein predate the earliest effective filing date of the Patent, May 27, 2021.

Defendants specifically cite to the following prior art references which disclose the claimed faucet design of the Patent before the filing date:

| *Prior Art Reference* | *Disclosure Date* | *Disclosed Design* |
|---|---|---|
| Dyconn Faucet WS3H11-BN Hoover 3 Hole Widespread Bathroom Faucet (Brushed Nickel) – *See* Exhibit A ("Dyconn") | April 12, 2018 | |
| Fresca Bath FFT3801CH Sesia Widespread Mount Bathroom Vanity Faucet, Chrome – *See* Exhibit B ("Fresca") | January 14, 2011 | |
| PROFLO PFWSC9860MB PROFLO PFWSC9860 Kelper 1.2 GPM Widespread Bathroom Faucet with Pop-Up Drain Assembly – *See* Exhibit C ("PROFLO") | October 6, 2020 | |

For example, the Dyconn reference in view of the Fresca reference disclose the overall same design as the Patent. Dyconn discloses a faucet set design characterized by two rectangular

shaped handles with sharp corners and a top-flat protrusion and a similar rectangular, L-shaped central spout with sharp corners. Both the handles and spout of Dyconn have a sharp, rectangular lip or edge around the bottom perimeter. The handles of Dyconn are shorter than the handles of the Patent. However, the Fresca reference discloses taller handles with the same shape and design as the Patent.

As another example, the PROFLO reference in view of the Fresca and/or Dyconn reference disclose the same overall design as the Patent. PROFLO discloses a faucet set design characterized by two rectangular shaped handles and a top-flat protrusion with sharp corners and a similar rectangular, L-shaped central spout with sharp corners. Both the handles and spout of PROFLO have a dulled, rectangular lip or edge around the bottom perimeter. However, the Fresca and/or Dyconn references disclose sharp, rectangular lip or edge around the bottom perimeter with the same shape and design as the Patent.

In view of the prior art references cited herein and those references that are already part of the record (Dkt. No. 39-1), it is unlikely that Plaintiff's infringement claim will be able to withstand Defendants' patent validity challenges. Defendants have therefore raised a substantial question concerning the validity of the Patent.

> ii. There is Clearly No Infringement

A design patent is infringed if an ordinary observer, when comparing the two designs in context of the prior art, would think that the accused design is substantially the same as the patented design. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008) (*en banc*). The test considers "both the perspective of the ordinary observer and the particular novelty in the claimed design." *Id*. at 671. In *Egyptian Goddess*, the Federal Circuit discussed novelty, explaining that "when the differences between the claimed and accused design are viewed in light of the prior

art, the attention of the hypothetical ordinary observer will be drawn to those aspects of the claimed design that differ from the prior art." *Id.* "Where the claimed and accused designs are sufficiently distinct and plainly dissimilar, the [plaintiff] fails to meet its burden of proving infringement as a matter of law." *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1335 (Fed. Cir. 2015) (internal quotation marks omitted). Here, the patented design and the design of the Accused Products are clearly dissimilar if not entirely distinct.

For example, the RUMOSE Design faucet has a clearly dissimilar design and shape than the patented design:



The most obvious dissimilarity between the RUMOSE Design and the patented design is the shape and appearance of the two handles. In the patented design, the handles are rectangular in shape with a top-flat protrusion. In clear contrast, the handles of the RUMOSE Design are a more flattened rectangular shape. Another clear dissimilarity is the shape and appearance of the central spout. In the patented design, the neck of the spout is rectangular in shape with a thinner top protrusion. In clear contrast, the spout neck and top of the RUMOSE Design is a consistently thin shape.

Similarly, the BESy Design faucet has a clearly dissimilar design and shape than the patented design:



The most obvious dissimilarity between the BESy Design and the patented design is the shape and appearance of the spout. In the patented design, the neck of the spout is rectangular in shape with a thinner top protrusion with a conventional round water-opening located under the spout top and a rectangular lip or edge around the bottom perimeter. In clear contrast, the spout of the RUMOSE Design has an irregular water-opening located on the edge of the top portion of the spout and has no lip or edge around the bottom perimeter. Another clear dissimilarity is the shape and appearance of the handles. The handles of the BESy Design are far taller in height than the handles of the patented design.

Focusing on the overall visual impression that the ornamental features of the patented design create, it is obvious that the Accused Products embody an overall effect that is clearly dissimilar from that of the patented design and thus cannot cause confusion in the marketplace. Therefore, Plaintiff is unlikely to prove infringement.

### C. No Irreparable Harm

"A party seeking a preliminary injunction must establish that it is *likely* to suffer irreparable harm without an injunction." *Koninklijke Philips N.V. v. Thales DIS AIS USA LLC*, 39 F.4th 1377, 1380 (Fed. Cir. 2022) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)) (emphasis in original). "The mere possibility or speculation of harm is insufficient." *Id.* (citing *Winter*, 555 U.S. at 22).

Because Plaintiff is so unlikely to succeed on the merits of its infringement claim, this Court need not evaluate the irreparable harm factor. *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of the United States of Am. Inc.*, 549 F.3d 1079 (7th Cir. 2008) ("If the court determines that the moving party has failed to demonstrate any one of these three threshold requirements, it

must deny the injunction."). Nevertheless, Plaintiff has likewise failed to establish a likelihood of suffering irreparable harm.

To establish irreparable harm, Plaintiff relies on a purported loss of customer goodwill and reputational harm. Plaintiff's TRO Motion at 5-6. Plaintiff argues that the "inferior" Accused Products are likely to cause consumer confusion resulting in reputational harm. *Id.* Critically, Plaintiff fails to establish that the Accused Products are actually in fact inferior. To the contrary, the Accused Products regularly receive high ratings from customers and many have earned the coveted "Amazon's Choice" badge in bathroom sink faucets for highly rated, well-priced products available to ship immediately. *See* Declarations of Zhao, Zhang, and Zhou at ¶ 5.

Plaintiff has similarly failed to show any instances of actual consumer confusion, and as detailed *supra*, the Accused Products are plainly dissimilar from Plaintiff's products embodying the patented design so any consumer confusion is unlikely. Still, the only support offered by Plaintiff is the nonspecific and conclusory Declaration of Meihua Yan, which is void of any supporting facts as to price erosion, loss of goodwill, damage to reputation, or loss of business opportunities. Such bare assertions fail to establish irreparable harm. *Takeda Pharms. U.S.A., Inc. v. Mylan Pharms. Inc.*, 967 F.3d 1339, 1349 (Fed. Cir. 2020) ("a bare assertion of irreparable harm is never sufficient to prove such harm or justify the extraordinary remedy of a preliminary injunction"). In *Takeda*, the Federal Circuit Court of Appeals found that the plaintiff's "nonspecific and unsupported assertion that [defendant]'s sales 'likely will cause' irreparable harm falls far short of establishing that irreparable harm has occurred, or will likely occur, absent a preliminary injunction." *Id.* The same finding is required here.

Plaintiff further fails to establish the needed causal nexus between the Accused Products and the purported irreparable harm that Plaintiff is suffering. Plaintiff offers no evidence or

argument to suggest that consumers are purchasing the Accused Products due to its adoption of the patented design. Nor can Plaintiff make such an argument given the plain dissimilarities in the designs.

Plaintiff further speculates that "any monetary judgment is likely uncollectable" because Defendants have no presence in the United States. Plaintiff's TRO Motion at 7. This concern is largely muted by Defendants appearance in this case with counsel and meritorious defenses. In this regard, Defendants are not anonymous storefronts who will default and disappear into the night. Still, Plaintiff has failed to articulate and adduce proof of actual or imminent harm which cannot otherwise be compensated by monetary damages.

Moreover, because Plaintiff has failed to mark his products in accordance with the patent marking statute, Plaintiff is barred from recovering any pre-suit damages. 35 U.S.C. § 287(a) ("In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice. Filing of an action for infringement shall constitute such notice."). And because Defendants have been restrained under the terms of the temporary restraining order and preliminary injunction, Defendants have made no sales since the filing of this action. Therefore, there are likewise no post-suit damages available to Plaintiff. Plaintiff's demand for a preliminary asset freeze to preserve an accounting in support of profit damages is totally groundless in light of the applicable statutory marking limitation on damages.

### D. Balance of Equities Favor Defendants

At the balancing phase, a court must consider the harm that Defendants will suffer if preliminary relief is granted, balancing such harm against the irreparable harm Plaintiff will suffer

if relief is denied. *Cassell*, 990 F.3d at 545. Because Plaintiff has failed to meet the threshold factors above, this Court need not enter the balancing phase of the analysis. Nevertheless, the balance of equities favor Defendants.

Here, Plaintiff argues that Defendants are "willful infringers... entitled to little equitable consideration." However, Plaintiff has offered no evidence of Defendants' pre-suit knowledge of the Patent by marking or otherwise. If anything, Defendants are innocent infringers. Plaintiff cites to *Celsis in Vitro, Inc. v. CellzDirect, Inc.*, 664 F.3d 922, 931 (Fed. Cir. 2012) for the proposition that a preliminary record can suggest that a defendant's losses were the result of its own calculated risk in selling a product with knowledge of a patent. Here, however, the preliminary record suggests no such thing. To these ends, Defendants are afforded considerable equitable considerations.

Moreover, Defendant is facing a preliminary asset freeze well beyond the revenue from the Accused Products, as most of the frozen assets are attributable to sales from *other* products. *See* Declarations of Zhao, Zhang, and Zhou at ¶¶ 6-8. For example, Defendant RUMOSE has $185,016 USD restrained yet revenue from the Accused Products of only $8,487 USD; Defendant HOPIMPRO has $163,805 USD restrained yet revenue from the Accused Products of only $19,165 USD; and Defendants BESy and BESy Bathroom & Kitchen have $272,224 USD restrained yet revenue from the Accused Products of only $84,354 USD. *Id.* There is no basis for such an excessive asset restraint in this case.

### E. Public Interest is Neutral

At the balancing phase, a court must consider the public interest. *Cassell*, 990 F.3d at 545. Because Plaintiff has failed to meet the threshold factors above, this Court need not enter the balancing phase of the analysis. Nevertheless, the public interest is neutral.

Plaintiff argues that the public is being harmed because the "public is currently under the false impression that Plaintiff has granted a license or permission to Defendants with respect to the Design." Plaintiff's TRO Motion at 9. This argument again rests on the unfounded assumption that the Accused Products are in fact inferior to Plaintiff's products. Still, the purported harm to the public is unclear here.

Although the public has an abstract interest in protecting rights secured by valid patents, the focus of the district court's public interest analysis should be whether the public has some critical interest in the specific case that would be injured by the grant or denial of preliminary relief. *Hybritech, Inc. v. Abbott Labs.*, 849 F.2d 1446, 1458 (Fed. Cir. 1988). Thus, the public interest in the enforcement of valid patents, taken alone, does not skew this factor toward the patent holder. *Id*. In this case, there is no such critical public interest. Therefore, this factor is neutral.

## V. CONCLUSION

Defendants are entitled to relief under Rule 60(b) from the Preliminary Injunction Order. Plaintiff has failed to establish the threshold factors of success on the merits and irreparable harm. The Patent is likely invalid and there is clearly no infringement. Any claims of likely irreparable harm are unsupported by any evidence. For these reasons, the Preliminary Injunction Order should be vacated.

DATED: August 8, 2024               Respectfully submitted,

By: */s/ Nicholas Najera*

Timothy T. Wang
Texas Bar No. 24067927
twang@nilawfirm.com
Nicholas Najera
Texas Bar No. 24127049
nnajera@nilawfirm.com

NI, WANG & MASSAND, PLLC
8140 Walnut Hill Ln., Ste. 615
Dallas, TX 75231
Tel: (972) 325-2220
Fax: (972) 314-0900

*Counsel for Defendants BATHLAVISH, BWE Aqua Faucet, Bathfinesse Faucet, Greenspring, VIBRANTBATH, BESy Bathroom & Kitchen, BESy, HOIMPRO, and RUMOSE*

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2024, I electronically filed the foregoing document with the clerk of the court for the United States District Court, Northern District of Illinois, Eastern Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Nicholas Najera*
Nicholas Najera

## CERTIFICATE OF CONFERENCE

On August 5, 2024, Counsel for Defendants emailed Counsel for Plaintiff to set up a time to meet and confer on this motion. Plaintiff never responded, so this motion is presumably opposed.

*/s/ Nicholas Najera*
Nicholas Najera