**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| MEIHUA,<br><br>                     Plaintiff,<br><br>   v<br>   .<br><br>THE PARTNERSHIPS AND<br>UNINCORPORATED ASSOCIATIONS<br>IDENTIFIED ON SCHEDULE "A,"<br><br>             Defendant . | Case No. 24-cv-05403<br><br>Honorable Sara L. Ellis<br><br><br><br>**FIRST AMENDED ANSWER AND<br>COUNTERCLAIMS** |

**<u>DEFENDANT TAUCENT'S FIRST AMENDED ANSWER TO THE
COMPLAINT AND COUNTERCLAIMS</u>**

      Pursuant to Federal Rule of Civil Procedure 15(A)(1)(a), Defendant Taucent ("Defendant" or "Taucent"), by and through its undersigned counsel, submits its First Amended Answer, Affirmative Defenses, and Counterclaims to the Complaint (Dkt. No. 1) for Patent Infringement of Plaintiff Meihua ("Plaintiff" or "Meihua"). Defendant filed its original answer on July 21, 2024 (ECF 21).

**<u>Nature of the Action</u>**

1.     Defendant denies the allegations made in Paragraphs 1-5 of Plaintiff's Complaint as calling for legal conclusions.

**<u>Parties</u>**

2.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of Plaintiff's Complaint.

3.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of Plaintiff's Complaint.

4.      Defendant denies the allegations stated in Paragraph 8 of Plaintiff's Complaint.

## Jurisdiction and Venue

5.      Defendant affirms that Defendant is asserting a claims arising under the U.S. Patent Act.

6.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of Plaintiff's Complaint.

7.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of Plaintiff's Complaint.

8.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 11-14 of Plaintiff's Complaint.

## Defendant's Alleged Unlawful Conduct

9.      Defendant denies the allegations stated in Paragraphs 15-37 set forth in Plaintiff's Complaint.

## PRAYER FOR RELIEF

1. Defendant denies Plaintiff is entitled to any relief, including any request for a preliminary injunction.

2. Defendant denies Plaintiff is entitled to any monetary damages.

3. Defendant denies Plaintiff if entitled to any relief requested in Plaintiff's prayer for relief under A(a)-(c).

4. Defendant denies Plaintiff is entitled to any relief sought in section B of their prayer for relief.

5. Defendant denies Plaintiff is entitled to any relief sought in section C of their prayer for relief.

6. Defendant denies Plaintiff is entitled to any relief sought in section D of their prayer for relief.

7. Defendant denies Plaintiff is entitled to any relief sought in section E of their prayer for relief.

8. Defendant denies Plaintiff is entitled to any relief sought in section F of their prayer for relief.

9. Defendant joins Plaintiff in the request for a jury trial.

**WHEREFORE**, Defendant Taucent respectfully requests judgment in its favor dismissing the Plaintiff's Complaint, and for such other and further relief as the Court may deem just and proper.

## AFFIRMATIVE DEFENSES

Taucent hereby states the following affirmative defenses to the allegations in Plaintiff's Complaint, but does not assume the burden of proof on any such defenses except as otherwise required by law. Taucent also reserves the right to assert additional defenses as their applicability may be revealed through the course of discovery, and to otherwise supplement or amend this Answer.

### FIRST AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over Defendant as a result of improper, and lack of, service of process; joinder is improper in this case.

### SECOND AFFIRMATIVE DEFENSE

The Complaint and each and every allegation separately fails to state any cause of action against Taucent upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is estopped from asserting the causes of action alleged in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has waived the causes of action and recovery alleged in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

### (Non-Infringement)

Defendant has not infringed any patents under federal or state law.

3

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff's claims are barred by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

### (Adequacy of Remedy of Law)

The alleged injury or damage suffered by Plaintiff, if an, would be adequately compensated by damages. Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to seek equitable relief.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's asserted Patent is invalid as anticipated or obvious under 35 USC §§ 102 and 103.

## ADDITIONAL DEFENSES

1.      Defendant reserves the right to assert additional defenses based on information learned or obtained during discovery.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by way of its Complaint;

2. That the Complaint, and each and every purported claim for relief therein, be dismissed with prejudice.

3. That Defendant be awarded its costs of suit incurred herein, including attorneys' fees and expenses; and

4. For such other and further relief as the Court deems just and proper.

4

DATED August 12, 2024.                              Respectfully submitted,


                                                    By: */s/ Pete Wolfgram*
                                                    Pete Wolfgram
                                                    Stratum Law LLC
                                                    2424 E. York St. Ste. 223
                                                    Philadelphia, PA, 19125
                                                    *Counsel for Defendant*
                                                    *Taucent*

MEIHUA,

                    Plaintiff,

    v

    .

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

               Defendant .

Case No. 24-cv-05403

Honorable Sara L. Ellis


**DEFENDANT TAUCENT'S
FIRST AMENDED ANSWER
AND COUNTERCLAIMS**

## DEFENDANT TAUCENT'S COUNTERCLAIMS

Taucent ( "Counterclaim-Plaintiff" or "Taucent"), by and through its undersigned

counsel, submit its Counterclaims against Meihua ("Counterclaim Defendant" or "Meihua").

      1.      According to the allegations set forth in its Complaint, Meihua claims to be the

assignee of the Asserted Design Patent.  *See* Dkt. No. 1 at ¶ 6.

      2.      Counterclaim-Defendant accused Counterclaim-Plaintiffs' faucet products

("Accused Products") of infringing the Asserted Design. Counterclaim-Plaintiff denies the

allegation.

      3.      An actual case and controversy exist between Counterclaim-Defendant  and

Counterclaim-Plaintiffs concerning the validity of the Asserted Design, and that controversy is

ripe for adjudication by this Court.

### THE PARTIES

      4.      Both parties are citizens of the People's Republic of China.  Id., ¶ 6.

### JURISDICTION AND VENUE

      5.      This is an action for declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

This Court has subject matter jurisdiction over these Counterclaims under 28 U.S.C. §§ 1331 and

1338(a). These Counterclaims arise under the patent laws of the United States.

6. This Court has personal jurisdiction over Counterclaim-Defendant, at least because by initiating this lawsuit, Counterclaim-Defendant submitted to the jurisdiction of this District.

7. Venue for these Counterclaims is proper in this District under 28 U.S.C. §§ 1391 and 1400.

## COUNTERCLAIM I

### (Declaratory Judgment of Invalidity of the Asserted Patent Design)

8. Counterclaim-Plaintiffs repeat and reallege the allegations of the preceding counterclaim Paragraphs 1-7 as if set forth fully herein.

9. An actual, continuing and justiciable controversy exists between Counterclaim-Plaintiffs and Counterclaim-Defendant concerning the validity of the Asserted Design Patent, as evidenced by Counterclaim-Defendant ' claim for infringement against Counterclaim-Plaintiffs.

10. A patent claim is invalid as anticipated if the invention was patented more than one year before "the effective filing date of a claimed invention." 35 U.S.C. § 102(a)(1).

11. The Asserted Design Patent is anticipated at least by the ProFlo faucet design described at Dkt. No. 14, p. 5.

12. The Asserted Design Patent is also invalid under 35 U.S.C. § 103.

13. To resolve the legal and factual questions raised by Counterclaim-Plaintiff and to afford relief from the uncertainty and controversy that Counterclaim-Plaintiff's allegations have created, Counterclaim-Plaintiff is entitled to a declaratory judgment that the Asserted Design Patent is invalid.

## COUNTERCLAIM II

### (Declaratory Judgment of Non-infringement of the Asserted Patent Design)

14. Counterclaim-Plaintiff repeats and realleges the allegations of the preceding counterclaim Paragraphs 1-13 as if set forth fully herein.

15. Counterclaim-Plaintiff's Accused Products do not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the Asserted Design Patent.

16. To resolve the legal and factual questions raised by Counterclaim-Plaintiffs and to afford relief from the uncertainty and controversy that Counterclaim-Plaintiffs' allegations have created, Counterclaim-Plaintiffs are entitled to a declaratory judgment its accused products do not infringe the Asserted Patent Design.

## COUNTERCLAIM III

(Tortious Interference with Prospective Economic Advantage)

17. Counterclaim-Plaintiffs repeat and reallege the allegations of the preceding counterclaim Paragraphs 1-16 as if set forth fully herein.

18. Under Illinois law, the principal form of the tort of unfair competition falls under the rubric of tortious interference with prospective economic advantage. *Holbrook Mfg LLC v. Rhyno Mfg. Inc*., 497 F. Supp. 3d 319, 341 (N.D. Ill. 2020). In Illinois, the elements of a tortious interference with prospective economic advantage claim consist of the following: (1) a reasonable expectancy of entering into a valid business relationship, (2) the counterclaim-defendant's knowledge of the expectancy, (3) an intentional and unjustified interference by the counterclaim-defendant that induced or caused a breach or termination of the expectancy, and (4) damages to the counterclaim- plaintiff resulting from the counterclaim-defendant's interference. *Id*.

19. Upon information and belief, Counterclaim-Defendant purposefully interfered with Counterclaim-Plaintiffs' legitimate expectancy of entering a business relationship with others, constituting an unjustified tortious interference resulting in damages to Counterclaim-

Plaintiffs.

20.     Counterclaim-Plaintiffs are e-commerce merchants, who held a clear expectation to form business relationships with third-party e-commerce platforms, Amazon.com, and customers who visit such platforms.

21.     Counterclaim-Defendant, as a direct competitor in the same market, was fully aware of this expectation and intentionally brought suit and sought to restrain Counterclaim-Plaintiffs from utilizing the Amazon.com platform or selling products to customers through Amazon.com.

22.     In an apparent move to diminish competition, Counterclaim-Defendant wrongfully interfered with the Counterclaim-Plaintiffs' business relationship with Amazon.com by filing false claims and complaints, including by asserting infringement allegations based on patents that Counterclaim-Defendant  know to be invalid. Counterclaim-Defendant  were aware of its meritless claims, and had no reasonable basis for believing that the Asserted Patent Design was valid when it asserted them.

23.     Counterclaim-Defendant's tortious interference has substantially damaged Counterclaim-Plaintiffs' businesses, caused and will continue to cause Counterclaim-Plaintiffs irreparable harm and injury, substantially damaged consumers' interests, and unjustly enriched Counterclaim-Defendant, and will continue such damage and unjust enrichment unless enjoined by the Court. Counterclaim-Plaintiffs' accounts were restrained by Amazon because of Counterclaim- Defendant's baseless temporary restraining order. Counterclaim-Plaintiffs suffered significant damages because of the restraining.

24.     Counterclaim-Defendant engaged in such unfair competition and tortious interference with knowledge of its illegality and with specific intent to dominate the market, harm competition, and damage Counterclaim-Plaintiffs' businesses.

25.     Consequently, Counterclaim-Plaintiffs are entitled to damages, including costs and attorneys' fees, caused by Counterclaim-Defendant ' tortious interference.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaim-Plaintiffs pray that the Court enter judgment in its favor and award the following relief against Counterclaim-Defendant :

(a) Dismiss the Complaint in its entirety, with prejudice;

(b) Enter judgment in favor of Counterclaim-Plaintiffs;

(c) Declare that Counterclaim-Plaintiffs have not infringed the Asserted Design Patent;

(d) Declare that the Asserted Design Patent Patent is invalid;

(e) Declare that this case is exceptional and that Counterclaim-Defendant be ordered to pay Counterclaim-Plaintiffs their reasonable attorneys' fees and costs, pursuant to 35 U.S.C. §285;

(f) Award Counterclaim-Plaintiffs their damages, including costs and attorneys' fees, caused by Counterclaim-Defendant unfair competition and tortious interference; and

(g) Award Counterclaim-Plaintiffs such other legal and equitable relief as the Court deem just and proper.

## DEMAND FOR JURY TRIAL

Counterclaim-Plaintiffs hereby demand trial by jury on all issues so triable raised by Counterclaim-Defendant's Complaint or by this Answer and Counterclaims.

DATED August 12, 2024

/s/Pete Wolfgram
Pete Wolfgram
pwolfgram@stratumlaw.com
STRATUM LAW LLC
E. York St. Ste. 223
Philadelphia, PA, 19125
*Attorney for Taucent*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this August 12, 2024, I electronically filed the foregoing file with the Clerk of Court using the CM/ECF system, and service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing documents via CM/ECF.


Date: August 12, 2024                          /s/ Pete Wolfgram
                                               Pete Wolfgram