UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Meihua Yan,<br><br>    Plaintiff,<br><br>v.<br><br>The Individuals, Partnerships and Unincorporated Associations Identified on Schedule "A,"<br><br>    Defendants.<br><br>WenzhouFuruisi Jiancaiyouxiangongsi,<br><br>    Defendant and<br>    Third Party Plaintiff,<br><br>v.<br><br>Heshan KES Sanitary Ware Limited,<br><br>    Third-Party Defendant. | Case No. 1:24-cv-05403<br><br>Honorable Sara L. Ellis |

**REPLY TO MOTION TO MODIFY**
**TEMPORARY RESTRAINING ORDER BOND AMOUNT**

**I.    INTRODUCTION**

Rule 65 states that a bond must provide enough security to pay the damages imposed by a TRO if the Court later determines that the restraint was wrongful. The rule is grounded in clear policy: "Plaintiff brought the lawsuit, caused entry of a TRO, and has a responsibility to remedy its effect once it [the TRO] is no longer in place." *Bestway Inflatable Material Corp. v. Holon Supplier*, 2023 U.S. Dist. LEXIS 201062 at *6-7 (N.D. Ill. Nov. 8, 2023).

A finding that a party was wrongfully enjoined by a TRO does not mean that the Court erred in entering the TRO in the first place. *See, e.g.*, *Sionix Corp. v. Moorehead*, 299 F. Supp. 2d 1082, 1086 (S.D. Cal. 2003) ("A finding that a party was wrongfully enjoined does not imply

1

the court erred in issuing the injunction."). Rather, if a court enters an *ex parte* TRO and later denies a contested PI motion and dissolves the TRO, that later ruling—which is based on a more fully developed record—establishes that the TRO had enjoined the defendant from something it was entitled to do. *See, e.g.*, *Triumph v. Ward*, 2011 U.S. Dist. LEXIS 147195 at *8 (N.D. Ill. Dec. 22, 2011) ("In the context of a temporary restraining order, a court's denial of a preliminary injunction and dissolution of the temporary restraining order . . . constitutes a final determination that the plaintiff has been wrongfully enjoined."). These core principles, which Yan's opposition largely ignores, govern the present motion.

## II. DISCUSSION

Before addressing Yan's arguments, Forious recounts the three central points at issue—none of which Yan meaningfully disputes. First, Yan does not and cannot dispute that a TRO bond is appropriate here. Rule 65(c) states that:

> The court may issue a preliminary injunction or a temporary restraining order *only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained*.

Accordingly, the question before the Court is not whether a bond is appropriate. The question is whether the bond amount ($10,000) is sufficient.

Second, Yan does not and cannot dispute that the TRO has inflicted damage on Forious. Forious was generating substantial revenues from accused product sales, which the TRO enjoined. There is no dispute that the TRO has cost Forious, at a minimum, the value of its lost sales.

Third, Yan cannot dispute that $10,000 is inadequate to secure a claim for these damages. Yan cannot dispute this point because the sales information from Amazon and Wayfair establishes the exact amount of revenue the accused products generated in the period leading up to the TRO. In fact, as Forious explained in its initial brief, these revenue numbers formed the basis for the

2

$665,000 figure that the parties submitted to this Court in their asset freeze stipulation. Dkt. 57-1 at 2-3. These undisputed sales figures establish that in the 23 weeks before the TRO, the accused products generated $665,000 in revenue (for an average of approximately $29,000 per week). Accordingly, the $10,000 bond cannot adequately secure a damage claim here. Over the course of a 10-week TRO,[1] Forious will have lost $290,000 in revenues ($29,000 weekly x 10 weeks).

Yan's opposition brief largely ignores these central issues and misses the point of this motion. For example, in her introductory paragraph, Yan argues:

> A defendant cannot collect on a bond unless it could prove both that (A) the TRO was wrongfully issued and that (B) the defendant suffered actual damages.

Dkt. 81 at 1. But the present motion is not a motion to "collect on a bond." The present motion is to *set a bond amount* that is appropriate to secure an award *assuming* that Forious was damaged by a wrongful restraint.

Yan's brief is divided into four headings, the first of which is "This Court's Pre-Determined TRO Is Appropriate." Dkt. 81 at 3. Yan begins this section by citing a Ninth Circuit case for the proposition that a court may dispense with a bond when "there is no realistic likelihood of harm to the defendant" caused by the injunction. Dkt. 81 at 3. Yan does not to apply this principle to the present facts. The TRO prevented Forious from selling accused products and earning the corresponding revenue. Yan does not explain why it sees no harm in that.

---

[1] When it filed its initial brief (Dkt. 57-1), the Court was scheduled to decide Yan's PI motion on September 18, 2024. (Dkt. 15) Yan later substituted counsel and asked for an extension of time. (Dkt. 73). The Court now is scheduled to rule on the PI motion on October 8, 2024. (Dkt. 80) The extension now has lengthened the TRO period by 3 weeks. The appropriate bond amount for the current TRO period, therefore, should be $375,000. But for simplicity, Forious will continue to assert its original bond request: $290,000.

Yan also cites to an old Seventh Circuit decision finding that a district court did not abuse its discretion in failing to require a PI bond. Dkt. 81 at 3 (citing *Scherr v. Volpe*, 466 F.2d 1027, 1035 (7th Cir. 1972)). That case was an action by local residents to block a government highway construction project; the district court did not require the residents to post bond. Yan fails to suggest why this case would present a similar exception to Rule 65.

Finally, in this section, Yan argues that a $10,000 bond amount is proper because it is typical for TROs against Chinese defendants in this district. This argument ignores the language of Rule 65, which establishes that a proper bond amount is fact-specific; the bond must be "in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).

The "typical" $10,000 bond amount may be appropriate in most cases because the TRO period is typically short (14 days unless extended), and the Court in an *ex parte* proceeding is not in a position to evaluate the potential "costs and damages" sustained by the defendants—many (or most) of whom either default or settle, thereby rendering the bond issue moot in any event. In the present case, by contrast, the TRO period has been extended far beyond the statutory 14-day period, and the Court currently is in a position to evaluate the accused product revenue that the TRO has prevented Forious from earning. Most importantly, the bond issue here is not moot, because Forious has contested Yan's PI motion and, should Forious prevail, it will presumptively be entitled to recover against the bond after providing evidence establishing its damages. *See, e.g.*, *Triumph*, 2011 U.S. Dist. LEXIS 147195 at *8 ("In the context of a temporary restraining order, a court's denial of a preliminary injunction and dissolution of the temporary restraining order . . . constitutes a final determination that the plaintiff has been wrongfully enjoined.").

4

Yan's second section falls under the heading "This Court's TRO Was Not Wrongfully Issued, Because The Court Considered All Relevant Arguments And Evidence Including Those Presented By Defendant Forious." Dkt. 81 at 4. In this section, Yan appears to argue that the Court implicitly decided the "wrongful restraint" question by denying Forious' efforts to vacate the TRO. Yan is mistaken. The test for whether the TRO cause a "wrongful restraint" hinges on the outcome of the PI motion—which the Court has yet to decide. *See Triumph*, 2011 U.S. Dist. LEXIS 147195 at *8. The Seventh Circuit has held that "there is a presumption in favor of awarding injunction bond damages to a 'prevailing party' that is rebutted only by a showing of 'good reason' not to award damages." *Id.* at *9, citing *Coyne-Delany*, 717 F.2d at 391. And Forious will be a "prevailing party" for Rule 65 purposes if this Court denies Yan's PI motion and vacates the TRO. *Id.* at *9 ("In light of the Court's order denying [plaintiff] Triumph's motion for a preliminary injunction and vacating the TRO, there can be no question that [defendant] Mr. Ward is the 'prevailing party.'").

Yan's third section falls under the heading "Defendant Forious' Claimed Damage Is Not Supposed [sic] By Competent Evidence And Is On Its Face Exaggerated." Dkt. 81 at 6. Yan's arguments in this section appear to be based upon two core misunderstandings. First, Yan focuses on the Qiu declaration (Dkt. 57-2), and attacks Mr. Qui's assertion that the TRO harmed Forious by (among other things) reducing its Amazon ranking. Dkt. 81 at 6-7. This argument is misplaced because the present motion to modify the bond amount relies on the Qiu declaration for nothing more than the general point that the TRO has harmed Forious beyond lost revenues alone.

Forious does *not* rely on the Qiu declaration to support the requested bond number: $290,000. That number reflects *only* the accused product *revenues* that Forious lost during the TRO period. Forious raised the Amazon ranking issue only to show that the $290,000 revenue

5

number likely understates the full range of actual harm that the TRO caused Forious to suffer. Dkt. 57-1 at 4-5 ("Though FORIOUS presently cannot quantify this [Amazon ranking] harm, it will be able to do so through expert testimony at the appropriate time. This harm provides an additional reason for the Court to follow the Seventh Circuit's admonition to 'err on the high side' when setting the bond amount.").

Second, Yan argues that Forious' claimed damages are exaggerated. But her argument completely misunderstands Forious' point. Yan demanded an asset freeze encompassing all revenues generated by the accused products in the 23-week period preceding the TRO. Amazon and Wayfair provided the revenue data for this 23-week period—which amounted to $665,000.[2] For purposes of this motion, we are assuming a 10-week TRO period (see footnote 1, above). The point that Yan seems to miss is that the bond amount—which covers a 10-week sales period— should be *proportional* to the asset freeze, which covers a 23-week period; both are based on sales revenues for the accused products. Accordingly, the bond amount is supported not only by "competent evidence," but is derived from undisputed evidence—the same undisputed evidence underlying the asset freeze.

Yan's fourth and final set of arguments falls under the heading "Plaintiff Would Lose Her Federal Right If Excessive Bond Is Imposed." Dkt. 81 at 7. In this section, Yan claims that a $290,000 bond would cause her a hardship and also would prevent her from enforcing her patent rights. Dkt. 81 at 7. As a threshold matter, Yan provides no declaration or other evidence to support her attorney's hardship argument. Yan, who in this lawsuit alone has settled with dozens of defendants, provides no reason to believe she cannot afford a $290,000 bond. Likewise, Yan

---

[2] The $665,000 includes $630,000 in Amazon revenue that the accused products generated from January 31, 2024, to July 11, 2024 (when the accused products were removed from Amazon) and $35,000 in Wayfair revenue generated during that same period. See Dkt. 41 and 45.

contends that the bond somehow would prevent her from enforcing her patent rights—but she does not explain this contention or offer any supporting evidence. Dkt. 81 at 7-8. The Court should accord no weight to Yan's unsupported arguments.

### III. CONCLUSION

Forious asks the Court to modify the TRO bond in this case and to enter a bond of $290,000 to secure Plaintiff's TRO against Forious.

|  |  |
|---|---|
| Dated: September 17, 2024 | Respectfully submitted,<br><br>/s/ Marina N. Saito<br>Edward H. Rice<br>Marina N. Saito<br>Law Office of Edward H. Rice, LLC<br>555 Skokie Blvd., Suite 500<br>Northbrook, IL 60062<br>ed@edwardricelaw.com<br>marina@edwardricelaw.com<br>(312) 953-4566<br><br>*Counsel for Defendant*<br>*WenzhouFuruisi Jiancaiyouxiangongsi*<br>*("Forious")* |